### City of New Orleans v. Clark & Brisbin.

The first and second sections of the statute approved January 29th, 1858, amendatory of the sections 103 and 104 of the City Charter, approved March 12th, 1857, do not make the payment of the taxes therein mentioned from January 1st to March 1st annually, dependent as to time on the will of the contributors, but simply suspends the action of the city to enforce its lien on the personal property of the delinquents, or to sue out an injunction, as provided by law, until after the 1st day of March annually.

The city ordinance imposing a tax of $25 on each *printing* office doing job work, does not refer exclusively to printing offices publishing a newspaper and doing job work conjunctively, but to *any printing office* doing job work.

APPEAL from the Second Justice's Court of New Orleans.

*W. O. Dénègre,* for plaintiff. *L. M. Day,* for defendant and appellant.

DUFFEL, J. This suit is instituted to recover of the defendants a tax of $25, imposed by the city ordinance on each "printing office doing job work."

The defendants resisted the payment of this tax on the grounds that the same is oppressive, illegal, unjust and unconstitutional.

Judgment having been rendered against the defendants, they appealed.

It is here contended by the appellants, 1st, that the ordinance which requires the payment of the tax on trades and professions, *in advance,* is illegal, because the 1st and 2d sections of the statute approved January 29th, 1858, p. 3, amendatory of the sections 103 and 104 of the city charter approved March 12th, 1859, contemplate the payment of the tax from January 1st, to March 1st annually. 2d, That the words of the ordinance "*every printing office doing job work*" mean, in common parlance, a printing office furnishing a newspaper and doing job work conjunctively, and that inasmuch as they do not publish a newspaper, but simply do job work, they are not liable to the tax.

On the first point. The above mentioned sections do not make the payment of the tax, from January 1st to March 1st annually, dependent on the will of the contributors, but simply suspend the action of the city to enforce its lien on the personal property of the delinquents, or to sue out an injunction as provided by law, until after the 1st day of March annually.

The proceedings in this case were instituted after the 1st of March, 1859, for the payment of the tax of that year.

On the second point. It is conceded that the defendants have *a printing office and do job work;* hence they are strictly within the letter and meaning of the ordinance.

Judgment affirmed, with costs.